SUMMARY ORDER
At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 6th day of April, two thousand and six.
UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals (“BIA”), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.
Petitioner Mohammed Arshad petitions for review of the November 22, 2004 order of the BIA adopting and affirming the decision of an immigration judge (“IJ”) denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
This Court reviews the factual findings of an agency under the substantial evidence standard, under which “a finding will stand if it is supported by reasonable, substantial, and probative evidence in the record when considered as a whole.” Secaida-Rosales v. INS, 331 F.3d 297, 306-07 (2d Cir.2003) (internal quotations and citations omitted). Where, as here, the BIA adopts the IJ’s decision, this Court will review the IJ’s decision directly. See Twum v. INS, 411 F.3d 54, 58 (2d Cir. 2005).
In this case, substantial evidence supported the IJ’s conclusion that Arshad was not eligible for asylum, withholding of removal, or CAT relief. With respect to past persecution, Arshad testified only that he was beaten on one occasion in 1990 for what he assumed to be political reasons. However, he could not identify his attackers, and, when asked, stated that his reason for believing the attack was politically motivated was that there was no other reason for it. In light of the paucity of evidence that the beating was politically motivated, Arshad did not demonstrate that he had suffered past persecution because of a protected ground. Thus, he was not entitled to a presumption that he would experience future persecution upon his return. The only evidence that Arshad presented that he was likely to suffer future persecution was the alleged warrant for his arrest. Even assuming that the allegations in the police report concerning vandalism were false, it is not apparent that there is a political motivation for the filing of the report. Accordingly, Arshad did not demonstrate that he was likely to suffer future persecution.
Accordingly, the IJ correctly concluded that Arshad did not meet the standard for asylum, and that he also did not meet the higher standard for withholding of removal. With respect to his CAT claim, the IJ properly concluded that the only evidence that Arshad faced a likelihood of torture was the indication in the country report that torture occurs in Pakistani prisons. However, because Arshad has presented no evidence of a current police interest in him, and because he claims that he has not committed a crime, he has not demonstrated that it is more likely than not that he will be tortured upon his return to Pakistan. Accordingly, this claim was properly denied as well.
*155 Finally, the BIA properly construed Ar-shad’s submission of new evidence as a motion to remand, and did not err in denying that motion. See 8 C.F.R. § 1003.2(d)(3)(iv) (providing that the BIA is not to engage in factfinding in the course of an appeal, and that a party asserting new evidence must make a motion to remand). The BIA has “broad discretion to deny a motion to remand grounded on new evidence.” Cao v. United States Dep’t of Justice, 421 F.3d 149, 156 (2d Cir.2005). The BIA can deny such a motion on the grounds of “the movant’s failure to comply with the requirement of 8 C.F.R. § 3.2(c)(1) that his motion articulate material, previously unavailable evidence that would be introduced at a new hearing.” Id. Here, as the BIA properly concluded, the letter described events that took place in 1990 and Arshad failed to explain why it could not have been obtained earlier, and, in any event, it did not constitute material evidence in support of Arshad’s claims. Accordingly, the BIA did not abuse its discretion in denying the motion.
For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).